# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1696 | **DATE** | 8/27/2010 |
| **CASE TITLE** | DeBartolo vs. United Healthcare Services, Inc | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant's 12(b)(6) motion to dismiss [15]. Count I is dismissed without prejudice and Counts II, III, and IV are dismissed with prejudice. All pending dates and deadlines are stricken.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant United Healthcare Services, Inc.'s ("Defendant") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff Dr. Hansel M. DeBartolo's ("Plaintiff") complaint. For the following reasons, the Court grants Defendant's motion to dismiss.

## BACKGROUND

For the purpose of resolving the motion to dismiss, the Court assumes the following allegations are true. Plaintiff is a physician who maintains a medical practice in Sugar Grove, Illinois. (R. 14, Amended Compl., ¶ 1.) Defendant maintains a medical welfare government benefit plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and has discretionary authority over the management and disposition of the assets of the plan. *Id.* at ¶¶ 2-3.

Prior to providing medical services beginning on January 12, 2000, Defendant verified that it covered J.S. as an insured. *Id.* at ¶ 7. After this confirmation, J.S. assigned his rights to benefit payments from Defendant to Plaintiff and, in exchange, Plaintiff furnished medical treatment to J.S. *Id.* Beginning January 12, 2000, and continuing through February 28, 2000, Defendant acknowledged the assignment and forwarded partial payments to Plaintiff for the medical services Plaintiff provided to J.S. *Id.* at ¶ 8. Defendant, however, denied all other claims by Plaintiff for treatment furnished to J.S., which total $581 in benefit payments. *Id.*

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On or about March 21, 2000, Plaintiff requested in writing a copy of the medical benefit plan from Defendant. *Id.* at ¶ 11, Ex. B. To date, Defendant has not responded to Plaintiff's request. As a result of Defendant's failure to pay the $581 owed to Plaintiff, Defendant has deprived Plaintiff of the benefit of the medical services provided to J.S. *Id.* at ¶ 13.

In his complaint, Plaintiff alleges that Defendant: (i) violated ERISA, 29 U.S.C. § 1332(a)(1)(B), for failure to pay benefits, (ii) violated ERISA, 29 U.S.C. § 1132(c)(1)(B), for failure to provide a copy of the plan, (iii) is estopped from refusing to comply with J.S.'s assignment of benefits to Plaintiff, and (iv) misrepresented coverage of J.S. to Plaintiff. *Id.* at ¶¶ 9-24.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (court construes complaint in light most favorable to plaintiff drawing all reasonable inferences in plaintiff's favor).

## ANALYSIS

In its motion, Defendant contends that each of Plaintiff's four claims are time-barred. While "dismissal under Rule 12(b)(6) on statute of limitations grounds is considered 'irregular' . . . dismissal is appropriate where a plaintiff pleads itself out of court by establishing that a defendant is entitled to a statute of limitations defense." *Hakim v. Accenture United States Pension Plan*, 656 F. Supp. 2d 801, 816-17 (N.D. Ill. 2009) (citing *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)); *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (motion to dismiss appropriate where "complaint plainly reveals that an action is untimely under the governing statute of limitations"). The Court will address each of Plaintiff's claims in turn.

The parties agree that Count I of the complaint, alleging violation of 29 U.S.C. § 502(a)(1)(B) for Defendant's failure to pay benefits, is governed by a 10-year statute of limitations. *See Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992) (holding that Illinois's ten-year statute of limitations for written contracts governs claims pursuant to 29 U.S.C. § 502(a)(1)(B)) (citing *Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan*, 713 F.2d 247 (7th Cir. 1983)). "An ERISA § 502(a)(1)(B) claim accrues at the time benefits are denied." *Tolle*, 977 F.2d at 1139. It is undisputed that Defendant had not payed Plaintiff for benefits as of February 28, 2000. Plaintiff did not file his complaint until March 17, 2010, more than ten years later.

Plaintiff, however, invokes the discovery rule and contends that his "efforts to ascertain the nature of the applicable policy provision through his correspondence of March 21, 2000 support a finding that he was not yet

aware of the full nature or extent of the injury, or whether such injury was wrongfully caused by [Defendant] through improper denial of claims." (R. 18, Pls.' Resp. at 5.) "Under the federal discovery rule, a claim accrues once the party performs the alleged unlawful act and once the party bringing a claim discovers an injury resulting from this unlawful act." *Id.* at 1139. Significantly, however, while Plaintiff contends that his March 21, 2000 letter to Defendant requires application of the discovery rule, Plaintiff does not allege when he discovered his injuries. *See Griffin v. Humana Wis. Health Org. Ins. Corp.,* 2001 WL 36027988, *3 (E.D. Wis. 2001) (declining to apply discovery rule to § 502(a)(1)(B) ERISA claim where "[p]laintiffs do not explain why, after making payments in 1989 and 1991, they could not discover before January 5, 1992 that they had paid too much."). Moreover, while Plaintiff argues that he could not have filed suit without exhausting his administrative remedies, *see Young v. Verizon's Bell Atlantic Cash Balance Plan*, 667 F. Supp. 2d 850, 887 (N.D. Ill. 2009), Plaintiffs's complaint contains no allegations regarding the timing of any administrative remedies that he may have pursued. Construing the complaint in Plaintiff's favor as the Court must, Plaintiff field his complaint more than ten years after the date on which Defendant denied the benefits, a date of which Plaintiff was plainly aware. Even viewing all of the allegations in the light most favorable to Plaintiff, Plaintiff has presented no allegations that support invocation of the discovery rule and the Court accordingly grants Defendant's motion to dismiss Count I of the complaint without prejudice. *See, e.g., Thompson v. Cont'l Cas. Co.*, 602 F. Supp. 2d 943, 946 (N.D. Ill. 2009) (where reasonable person would have inquired into extent of available benefits at the time of her husband's death or at least withing the statute of limitations period and "nothing in the complaint indicates that application of the discovery rule is appropriate," court dismissed plaintiff's ERISA claim as time-barred).

In Count II, Plaintiff seeks statutory damages pursuant to 29 U.S.C. § 502(c)(1) for Defendant's failure to provide a copy of the plan to Plaintiff within thirty days of Plaintiff's request. Plaintiff's contention that his "attendant" claim for damages pursuant to § 502(a)(1)(B) requires application of the same ten-year statute of limitations to his § 502(c)(1) claim is without merit. As another court in this district has held, however, Illinois's two-year statute of limitations for statutory penalty claims applies to § 502(c)(1) claims. *Hakim,* 656 F. Supp. at 822 (collecting cases and noting that "[t]hese cases suggest that, like the Fourth and Eighth Circuits, the Seventh Circuit considers § 502(c)(1) to be penal, not compensatory, and would apply the state statute of limitations for statutory penalty claims."). Plaintiff requested the plan documents from Defendant on March 21, 2000, and any violation occurred thirty days later when Defendant failed to provide the documents to Plaintiff. *See* 29 U.S.C. § 502(c)(1). Plaintiff has not offered any explanation for why he could not have discovered his injury within the applicable two-year statute of limitations. Because Plaintiff did not file his action until March 17, 2010, almost ten years after his cause of action accrued, his claim is time-barred. The Court accordingly grants Defendant's motion to dismiss Count II with prejudice.

As Plaintiff concedes, Plaintiff's state law claims for misrepresentation and estoppel are governed by Illinois's five-year statute of limitations. *See* 735 ILCS 5/13-205. Plaintiff alleges in his complaint that he premises his estoppel and misrepresentation claims on statements that Defendant made "[p]rior to providing medical services beginning January 12, 2000." (R. 14, Amended Compl., ¶¶ 7, 18-24.) Plaintiff contends that, as a result of Defendant's failure to respond to his inquiries, he has not been able to ascertain the nature and extent of his injury. This conclusory assertion, however, is not sufficient to invoke the discovery rule. Plaintiff filed his complaint more than 10 years after Defendant made the relevant statements, well outside the five-year statutory period. The Court accordingly grants Defendants' motion to dismiss Counts III and IV of the complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's 12(b)(6) motion to dismiss Count I of Plaintiff's complaint without prejudice, and grants Defendant's 12(b)(6) motion to dismiss Counts II though IV with prejudice.